## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYHEALTH MEDICAL CENTER | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-cv-269-UNA |
| JOHN GARBINSKI, | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| MARGIE MACLEISH, | : | |
| Third-Party Defendant. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD-PARTY DEFENDANT MACLEISH'S MOTION FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO STATE A CLAIM**

1. Third-Party Defendant Margie MacLeish removed this action from the Justice of the Peace Court of the State of Delaware in and for Kent County on May 5, 2008. (Doc. No. 1.)

2. Plaintiff Bayhealth Medical Center ("Bayhealth") appears to have filed a lawsuit in Justice of the Peace Court against Defendant John Garbinski, alleging, *inter alia*, that Garbinski owes Bayhealth $3,266.00 in unpaid medical expenses. A copy of Bayhealth's state court Complaint is attached as Exhibit A.

3. On or about February 29, 2008, Garbinski filed a Third-Party Complaint against MacLeish purporting to assert a "debt" claim against MacLeish and alleging that MacLeish is a "Corporation or other Artificial Entity." A copy of Garbinski's state court Third-Party Complaint is attached as Exhibit B. MacLeish was served with Garbinski's Third-Party

Complaint on April 22, 2008.

4. MacLeish is an employee of the United States Air Force who assisted Garbinski in filing a claim with the United States Department of Labor's Office of Worker's Compensation Program ("OWCP"), which claim was accepted. (See Ex. C.) All of MacLeish's actions assisting Garbinski were taken in her capacity as a federal employee, and all of her actions were reasonable and taken in good faith. Accordingly, MacLeish is likely immune from Garbinski's claims.

5. As explained below, Garbinski should be required to make a more definite statement because this is one of those rare cases where MacLeish cannot reasonably respond to the Third-Party Complaint. In the alternative, Garbinski's Third-Party Complaint should be dismissed for failure to state a claim upon which relief can be granted.

6. A motion for a more definite statement pursuant to Rule 12(e) "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795, 798 (3d Cir. 1967).

7. Here, MacLeish is unable to reasonably respond to the Complaint. Garbinski's Third-Party Complaint contains so few factual allegations that MacLeish is unable to decipher the purported basis for his claim. Paragraph One of the form third-party complaint that Garbinski used instructed him to make a "Concise Statement of Facts: (Who, What, When, Where, How?)." (Ex. B. ¶ 1.) In response, Garbinski alleged, "Acct # 0516100262K DOS 6-10-2005 Unpaid Medical Bills to Bayhealth Medical Center. Patient: John C. Garbinski Amount: $3266.00." (Id.) That statement comprises all of Garbinski's factual allegations. MacLeish is

unable to reasonably form a response to these "allegations." Under these circumstances, other courts have required plaintiffs to make a more definite statement. See, e.g., Barr ex rel. Estate of Barr v. City of Beaver Falls, No. 07-340, 2007 WL 3146817, at *4 (W.D. Pa. Oct. 26, 2007) (in a case removed from state court, granting defendants' Rule 12(e) motion because the complaint was "clearly insufficient to afford Becze and Couper the opportunity to frame a meaningful qualified immunity defense"). Similarly, this Court should require Garbinski to make a more definite statement.

        9.      In the alternative, Garbinski's Third-Party Complaint should be dismissed for failure to state a claim. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Here, Plaintiff does not even recite the elements of a claim, let alone make any facutal allegations to support a claim. Accordingly, Garbinski's Third-Party Complaint should be dismissed.


unable to reasonably form a response to these "allegations." Under these circumstances, other courts have required plaintiffs to make a more definite statement. See, e.g., Barr ex rel. Estate of Barr v. City of Beaver Falls, No. 07-340, 2007 WL 3146817, at *4 (W.D. Pa. Oct. 26, 2007) (in a case removed from state court, granting defendants' Rule 12(e) motion because the complaint was "clearly insufficient to afford Becze and Couper the opportunity to frame a meaningful qualified immunity defense"). Similarly, this Court should require Garbinski to make a more definite statement.

9. In the alternative, Garbinski's Third-Party Complaint should be dismissed for failure to state a claim. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Here, Plaintiff does not even recite the elements of a claim, let alone make any facutal allegations to support a claim. Accordingly, Garbinski's Third-Party Complaint should be dismissed.

10. For all of the above reasons, MacLeish respectfully requests that her Motion For A More Definite Statement be granted. Specifically, Garbinksi should be required to allege facts and a legal basis for any claim against MacLeish. In the alternative, Garbinski's Third-Party Complaint should be dismissed.

DATED: May 13, 2008.

        Respectfully submitted,

        COLM F. CONNOLLY
        United States Attorney

By:    /s/ Seth M. Beausang
        Seth M. Beausang (De. I.D. No. 4071)
        Assistant United States Attorney
        The Nemours Building
        1007 Orange Street, Suite 700
        P.O. Box 2046
        Wilmington, DE 19899-2046
        (302) 573-6277

        Attorney for Third-Party Defendant

## CERTIFICATE OF SERVICE

      I, Seth M. Beausang, hereby attest under penalty of perjury that on this 13th day of May, 2008, I directed that two copies of the Third-Party Defendant's Motion For A More Definite Statement or, In The Alternative, To Dismiss For Failure To State A Claim, Memorandum of Points and Authorities in support thereof, and proposed Order, be sent to the following pro se Plaintiff by First Class Mail:

John Garbinski
1419 Wharton Drive
Newark, DE 19711

and the following counsel for Bayhealth Medical Center by First Class Mail:

Alexander William Funk, Esquire
Hudson, Jones, Jaywork & Fisher
225 South State Street

                                                      /s/ Seth M. Beausang
                                           Assistant United States Attorney

# Exhibit A

Case 1:08-cv-00269-JJF   Document 4-2   Filed 05/13/2008   Page 1 of 3

Apr-28-2008 12:57   From-###th MSS/DPCR Dover AFB, DE         +4660          T-454  P.006/007  F-821

IN THE JUSTICE OF THE PEACE COURT OF THE STATE OF DELAWARE,
IN AND FOR  Kent  COUNTY

COURT NO __16__

CIVIL ACTION NO  JP16-08-00382

COURT ADDRESS
480 Bank Lane     @253580
Dover DE 19904

PLAINTIFF(S)                                    VS.    DEFENDANT(S)
1) Name  Bayhealth Medical Center                     1) Name   John Garbinski
Address  c/o Alexander W. Funk, Esq.                  Address   1419 Wharton Dr
         225 South State Street.                                Newark DE 19711
         Dover DE 19901    #4955
Phone    302-734-7401                                 Phone     @625840
2) Name                                               2) Name
Address                                               Address
         004955

Phone                                                 Phone

Plaintiff's Attorney, if any:  Alexander W. Funk, Esq.   Defendant's Attorney, if any:
(#4955)                        Attorney at Law

Check One ☐ Individual ☒ Corporation or other         Check One ☒ Individual ☐ Corporation or other
Artificial entity (see Supreme Court Rule 57)         Artificial entity (see Supreme Court Rule 57)

Type of Service:    Court Service ☒                   Rental Unit Address:
(Check One)         Special Process Server ☐

Type of Action:   Debt ☒    Trespass ☐    Replevin ☐     Summary Possession ☐
                                                         (Landlord/Tenant)
                  Deficiency Judgment ☐

COMPLAINT

1. Concise Statement of Facts: (Who, What, When, Where, How?)
unpaid medical services provided by Bayhealth Medical Center
act# 0516100262K  DOS 6/10/05  pt- John C.  $3266.00

IN TRESPASS ACTIONS: The injury caused by the trespass must be described by Plaintiff in the statement of facts:

2. Relief Sought:
$ 3266.00   Amount of money claimed. (Not including interest)
$           Pre Judgment Interest at or ____ % legal rate  ____ % contractual rate
$ XX        Post Judgment Interest at the legal rate  OR contractual rate of ____%
$ 35.00     Court Costs.
$ XX        Other  reasonable attorneys fees
☐           Possession                    Jury Trial Demanded (Possession Only):  ☐ Yes   ☐ No
☐           Return of personal property  or  $____  Total value (Attach list of property stating description, number
                                                   and value of items on 8 ½" x 11" paper

TO: THE COURT OF THE JUSTICES OF THE PEACE
Please docket the above-captioned case and issue a Summons to the above-named Defendant(s) to appear before you so there may be a trial on this case and judgment for the Plaintiff(s), together with interest and costs of this proceeding; or, for an Attachment in Lieu of Summons, please issue same and direct the Constable to execute the proper process. I acknowledge, that unless a jury trial is demanded for summary possession (Landlord Tenant cases), I waive trial by jury of the claims in this complaint.

1/8/08
Date                                              Plaintiff or Plaintiff's Attorney

J.P. Civ. Form No. 1 (Rev 6/15/2000)               Doc. No.02-13-95-05-01

Apr-28-2008 12:57    From-***th MSS/DPCR Dover AFB, DE    +4660    T-454  P.007/007  F-921

IN THE JUSTICE OF THE PEACE COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

COURT NO. 16

| | | |
|---|---|---|
| BAYHEALTH MEDICAL CENTER, | * | Civil Action No.: |
| Plaintiff, | * | |
| v. | * | |
| JOHN GARBINSKI, | * | |
| Defendant. | * | |

### COMPLAINT - DEBT ACTION

1. Plaintiff BAYHEALTH MEDICAL CENTER, INC., is a non-profit, Delaware corporation, with its Registered Agent listed as Bayhealth Medical Center, Inc., located at 640 South State Street, Dover, Delaware 19901.

2. Defendant JOHN GARBINSKI is a resident of New Castle County, Delaware, and upon information and belief, currently resides at 1419 Wharton Drive, Newark, Delaware, 19711.

3. Defendant JOHN GARBINSKI currently owes Plaintiff BAYHEALTH MEDICAL CENTER, INC., a total of $3,266.00 for unpaid medical services.

4. Specifically, Defendant JOHN GARBINSKI owes Plaintiff BAYHEALTH MEDICAL CENTER, INC., $3,266.00 for unpaid medical services for the following accounts:

| ACCOUNT # | AMOUNT |
|---|---|
| # 0532900294K | $100.00 |
| # 0609400505K | $1600.00 |

Exhibit B

## IN THE JUSTICE OF THE PEACE COURT OF
## THE STATE OF DELAWARE, IN AND FOR KENT COUNTY
## COURT NO. 16

COURT ADDRESS:
480 BANK LN
DOVER DE 19904

CIVIL ACTION NO: JP16-08-000382

BAYHEALTH MEDICAL CENTER VS JOHN GARBINSKI

SYSTEM ID: @639666
MARGIE MACLEISH
436 MSS/DPCE 520 MAINGATE WAY
DOVER AFB DE 19902

### SUMMONS

**TO ANY CONSTABLE OF SAID COUNTY OR OTHER DULY APPOINTED PROCESS SERVER:**
We command you to summon, MARGIE MACLEISH the Defendant(s) to answer Plaintiff's claims against the Defendant(s) as stated in the attached Complaint, and serve upon said Defendant(s) a copy of this Summons and Complaint.

**TO THE DEFENDANT(S):**
Within 15 days after you receive this Summons, excluding the day you receive it, you must complete and return to the above named Justice of the Peace Court, the enclosed Answer (or other such filing) if you deny owing all or part of the money claimed as a debt against you by the Plaintiff in the Complaint.

Failure to file an Answer, or other written document related to this claim, with the Justice of the Peace Court may result in a default judgment being entered against you and action may be taken by the Plaintiff, such as the attachment of your wages or the attachment and sale of your property, to satisfy the judgment.

**IN REPLEVIN ACTION:** You are hereby ordered not to intentionally destroy, damage, sell or conceal the property in question. A violation of this Order could result in a Civil Contempt judgment being issued against you, in accordance with 10 Del. C. § 9506.

**WAIVER OF JURY TRIAL:** You are waiving trial by jury.

IT IS SO ORDERED this <u>18th day of April, 2008</u>.

_____Theresa.Nolette_____ (SEAL)
Justice of the Peace/Court Official

CONSTABLE NOTES: _____
SERVED ON: _____
CONSTABLE: _____

Form: 6CF03        Produced By: Theresa.Nolette        Date: 4/18/2008 10:43 AM

Apr-28-2008 12:57    From-***th MSS/DPCR Dover AFB, DE        +4660        T-454  P.003/007  F-821

# IN THE JUSTICE OF THE PEACE COURT OF
# THE STATE OF DELAWARE, IN AND FOR KENT COUNTY
# COURT NO. 16

COURT ADDRESS:                              CIVIL ACTION NO: JP16-08-000382
480 BANK LN
DOVER DE 19904

### BAYHEALTH MEDICAL CENTER VS JOHN GARBINSKI

SYSTEM ID: @639666
MARGIE MACLEISH
436 MSS/DPCE 520 MAINGATE WAY
DOVER AFB DE 19902

### DEFENDANT'S ANSWER TO THE COMPLAINT

Check all that are appropriate:

A. _____    I admit that I owe the debt or claim in the Complaint and DO NOT want a trial. (This means that you agree to a judgment being entered against you for the amount claimed plus interest and costs. Any money owed should be paid directly to the Plaintiff. You will be giving up your right to a trial and will not have a right to appeal your decision to admit this debt or claim.)

B. _____    I WANT A TRIAL.

C. _____    DEBT ACTIONS ONLY: In addition to a trial, I request that the Plaintiff provide me with a more detailed statement of the claim (Bill of Particulars).

DATED: _____

_____          _____
(Signature of Defendant)                 (Defendant's Address/Phone No.)

_____          _____
(Defendant's Attorney, if any)           (Attorney's Address/Phone No.)

If you are a corporation (or other artificial entity or public body):

- This Answer MUST be signed by an attorney or person designated by a Certificate of Representation (Form 50) for the corporation or entity prior to the filing of this Answer.
- Only an attorney or a person designated in a Form 50 may represent you in JP court.
- YOU MAY OBTAIN A FORM 50 and further information from the Court's website at http://courts.state.de.us/jpcourt. (Click on Form 50). Or, you may obtain a Form 50 from your nearest JP Civil Court.

Mail this completed form (Answer) to the Justice of the Peace Court at the address above as soon as possible. This signed document must be received by the Court within 15 days after the date you received it or a default judgment may be entered against you.

Form: 6CF07        Produced By: Theresa.Nolette    Date: 4/18/2008 10:43 AM

## IN THE JUSTICE OF THE PEACE COURT OF THE STATE OF DELAWARE, IN AND FOR KENT COUNTY COURT NO. 16

COURT ADDRESS:  
480 BANK LN  
DOVER DE 19904

CIVIL ACTION NO:   JP16-08-000382

BAYHEALTH MEDICAL CENTER, PLAINTIFF

—— VS ——

JOHN GARBINSKI, DEFENDANT

Plaintiff Parties:  
PLAINTIFF  
SYSTEM ID: @293580  
BAYHEALTH MEDICAL CENTER  
C/O ALEXANDER W FUNK ESQ  
225 SOUTH STATE STREET  
DOVER, DE 19901

ATTORNEY FOR PLAINTIFF  
SYSTEM ID: 004955  
ALEXANDER WILLIAM FUNK  
HUDSON JONES JAYWORK & FISHER  
225 SOUTH STATE STREET  
DOVER, DE 19901

Defendant Parties:  
DEFENDANT  
SYSTEM ID: @628840  
JOHN GARBINSKI  
1419 WHARTON DRIVE  
NEWARK, DE 19711

THIRD PARTY DEFENDANT  
SYSTEM ID: @639666  
MARGIE MACLEISH  
436 MSS/DPCE 520 MAINGATE WAY  
DOVER AFB, DE 19902

Other Case Parties:

Apr-28-2008 12:57   From-***th MSS/DPCR Dover AFB, DE          +4650           T-454  P.005/007  F-921

IN THE JUSTICE OF THE PEACE COURT OF THE STATE OF DELAWARE,
IN AND FOR KENT COUNTY   JP16-08-000382
COURT NO 16   CIVIL ACTION NO JP16-08-000382
JP16-08-000398

COURT ADDRESS
480 BANK LANE
DOVER DE 19904

**PLAINTIFF(S)**
1) Name JOHN GARBINSKI
Address 1419 WHARTON DR
NEWARK, DE 19711
System ID# @639790
Phone

**PLAINTIFF(S)**
Phone
2) Name
Address
System ID#
Phone

Plaintiff's Attorney or Agent if any
Address
System ID# (bar#)
Phone

**DEFENDANT(S)**
1) Name MARGIE MAC-LEISH  039660
Address 436 MSS/DPCE, 520 MAIN GATE WAY
DOVER AFB, DE 19902
System ID#
Phone

**DEFENDANT(S)**
Phone
2) Name
Address
System ID#
Phone

Defendant's Attorney or Agent if any
Address
System ID# (bar#)
Phone

Check One
☒ Individual
☐ Corporation or other Artificial entity (see Supreme Court Rule 57)

Check One
☐ Individual
☒ Corporation or other Artificial entity (see Supreme Court Rule 57)
Alternate Address (Physical or Mailing)

Type of Service:   Court Service ☒
(Check One)       Special Process Server ☐

Type of Action:   Debt ☒   Replevin ☐   Trespass ☐   Summary Possession ☐
                  Deficiency Judgment ☐                (Landlord Tenant)

COMPLAINT: THIRD PARTY CLAIM

1. Concise Statement of Facts: (Who, What, When, Where, How?)
ACCT # 0516100 262 E   DOS 6-10-2005   UNPAID MEDICAL BILLS TO BAYHEALTH
MEDICAL CENTER.   PATIENT: JOHN C. GARBINSKI   AMOUNT: $3265.00

2. Relief Sought:
$3265.00 Amount of money claimed. (Not including interest)
$_____ Pre Judgment Interest at or _____ % legal rate  _____ % contractual rate
$_____ Post Judgment Interest at the legal rate  OR contractual rate of _____ %
$35.00 Court Costs
$_____ Other
☐ Possession                Jury Trial Demanded (Possession only) ☐ Yes ☐ No
☐ Return of personal property  or  $_____   Total value (Attach list of property stating description, number and value of items on 8 ½" x 11" paper

TO: THE COURT OF THE JUSTICES OF THE PEACE
Please docket the above-captioned case and issue a Summons to the above-named Defendant(s) to appear before you so there may be a trial on this case and judgment for the Plaintiff(s), together with interest and costs of this proceeding; or, for an Attachment in Lieu of Summons, please issue same and direct the Constable to execute the proper process.

2/29/2008
Date                                         Plaintiff or Plaintiff's Attorney

J.P. Civ. Form No. 1 (Rev 01/05/2007)                Doc. No.02-13-95-05-01

Exhibit C

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYHEALTH MEDICAL CENTER, | ) | CIVIL ACTION NO: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Declaration |
| | ) | |
| JOHN GARBINSKI, | ) | |
| Defendant, | ) | |
| | ) | |
| MARGIE MACLEISH, | ) | |
| Third Party Defendant. | ) | |

DECLARATION OF MARGIE MACLEISH

I, Margie MacLeish, am, and at all times relevant to this case have been, a civil service employee of the United States Air Force. I am presently assigned to Dover Air Force Base, Delaware, as the Chief of the Civilian Personnel Flight. As a federal employee, one of my responsibilities is to supervise the employees of the Civilian Personnel Flight. The Civilian Personnel Flight assists injured employees who file claims with the U.S Dep't of Labor in the Office of Worker's Compensation Program. *See*, Exhibit A attached, a copy of my job description.

On June 10, 2005, the defendant Mr. Garbinski was injured while on duty at Dover AFB. On June 24, 2005, Mr. Garbinski filed a claim with the Dep't of Labor, Office of Worker's Compensation Program (OWCP). My office assisted him in filing the claim and processed it to the OWCP. On August 15, 2005, OWCP accepted the claim and provided information to the

defendant on how to proceed with filing the claim. After OWCP accepted the claim, my office was no longer responsible for the claim.

All of my actions in this matter were within the scope of my official Air Force duties and under color of my office as the Chief of the Civilian Personnel Flight. I acted in the good faith belief that my actions were reasonable and in accordance with the law.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 30th day of April, 2008, at Dover Air Force Base, Delaware.

_____
MARGIE MACLEISH, YC-2, USAF