UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYHEALTH MEDICAL CENTER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 08-cv-269-JJF |
| JOHN GARBINSKI, | : | |
| | : | |
| Defendant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARGIE MACLEISH, | : | |
| | : | |
| Third-Party Defendant. | : | |

**THIRD-PARTY DEFENDANT MACLEISH'S
MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

1. Plaintiff Bayhealth Medical Center ("Bayhealth") appears to have filed a lawsuit in Justice of the Peace Court against Defendant John Garbinski, alleging, inter alia, that Garbinski owes Bayhealth $3,266.00 in unpaid medical expenses.

2. On or about February 29, 2008, Garbinski filed a Third-Party Complaint against Third-Party Defendant Margie MacLeish purporting to assert a "debt" claim against MacLeish and alleging that MacLeish is a "Corporation or other Artificial Entity."

3. MacLeish is an employee of the United States Air Force who assisted Garbinski in filing a claim with the United States Department of Labor's Office of Worker's Compensation Program ("OWCP"), which claim was accepted. All of MacLeish's actions assisting Garbinski were taken in her capacity as a federal employee, and all of her actions were reasonable and taken

in good faith (and there is no allegation to the contrary). Accordingly, MacLeish is likely immune from Garbinski's claims.

4.      Accordingly, on May 5, 2008, through the undersigned counsel, MacLeish removed this action to the United States District Court for the District of Delaware from the Justice of the Peace Court of the State of Delaware in and for Kent County.

5.      On May 13, 2008, MacLeish filed a Motion For A More Definite Statement Or, In The Alternative, To Dismiss For Failure To State A Claim, on the grounds that this is one of those rare cases where MacLeish cannot reasonably respond to the Third-Party Complaint. In the alternative, MacLeish contends that Garbinski's Third-Party Complaint should be dismissed for failure to state a claim upon which relief can be granted due to MacLeish's qualified immunity.

6.      Garbinski's response to MacLeish's Motion was due June 2, 2008. To date, no response has been filed.

7.      D. Del. Local Rule 41.1 states that, "in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its own motion or upon any application of any party, and after reasonable notice and opportunity to be heard, enter an order dismissing such case unless good reason for the inaction is given."

8.      No party has taken any action in this matter since MacLeish filed her Motion on May 13, 2008.

9.      Under the circumstances, Third-Part Defendant MacLeish respectfully moves the Court for an order, after reasonable notice and an opportunity for Plaintiff Garbinski to be heard, dismissing Plaintiff Garbinksi's Third-Party Complaint for failure to prosecute. See, e.g., Morris v. Bayhealth Med. Ctr., No. 06-290-SLR, 2008 WL 78751, at *1 (D. Del. Jan. 7, 2008)

(dismissing the plaintiff's complaint for failure to prosecute because the plaintiff failed to respond to the defendant's motion for summary judgment despite receiving several opportunities to do so).  A proposed Order of dismissal is attached.[1]

DATED: August 20, 2008.

                                      Respectfully Submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

                         By:    /s/ Seth M. Beausang
                                      Seth M. Beausang (I.D. No. 4071)
                                      Assistant United States Attorney
                                      1007 Orange Street, Suit 700
                                      Wilmington, DE 19801
                                      (302) 573-6277

---

[1] Upon dismissal of Garbinksi's Third-Party Complaint, it may be appropriate to remand this debt collection action to the Justice of the Peace Court.  See, e.g., Crown Packaging Tech., Inc. v. Albermarle Corp., No. 05-892-JJF, 2006 WL 1652566, at *3 (D. Del. June 8, 2006).

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYHEALTH MEDICAL CENTER | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-cv-269-JJF |
| JOHN GARBINSKI, | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| MARGIE MACLEISH, | : | |
| Third-Party Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2008, upon consideration of Third-Party Defendant MacLeish's Motion to Dismiss For Failure To Prosecute, and all papers filed in support thereof and opposition thereto, and after having given Third-Party Plaintiff Garbinksi reasonable notice and an opportunity to be heard, it is ORDERED that Third-Party Plaintiff Garbinksi's Third-Party Complaint against MacLeish is dismissed with prejudice for failure to prosecute.

IT IS SO ORDERED

_____
THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

      I, Seth M. Beausang, hereby attest under penalty of perjury that on this 20th day of August, 2008, I directed that two copies of the Third-Party Defendant's Motion To Dismiss For Failure To Prosecute be sent to the following pro se Plaintiff by First Class Mail:

John Garbinski
1419 Wharton Drive
Newark, DE 19711

and the following counsel for Bayhealth Medical Center by First Class Mail:

Alexander William Funk, Esquire
Hudson, Jones, Jaywork & Fisher
225 South State Street

                                                /s/ Seth M. Beausang
                                      Assistant United States Attorney