IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BAYHEALTH MEDICAL CENTER,           :
                                    :
    Plaintiff,                      :
                                    :
        v.                          :
                                    :
JOHN GARBINSKI,                     :
                                    :   Civil Action No. 08-269-JJF
    Defendant/Third-Party           :
    Plaintiff                       :
                                    :
        v.                          :
                                    :
MARGIE MACLEISH,                    :
                                    :
    Third-Party Defendant           :

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is Third-Party Defendant MacLeish's Motion To Dismiss For Failure To Prosecute. (D.I. 5.) For the reasons set forth below, the Court will issue a Show Cause Order to determine whether this case should be dismissed for failure to prosecute.

**I. BACKGROUND**

On June 10, 2005, Defendant John Garbinksi was injured while on duty at Dover Air Force Base. (D.I. 4, Exh. C.) He received treatment for his injury at Bayhealth Medical Center ("Bayhealth") on the same day. (Id., Exh. A.) Sometime thereafter, Third-Party Defendant Margie MacLeish, in her capacity as Chief of the Civilian Personnel Flight, assisted Mr. Garbinski in filing a claim with the United States Department of

Labor's Office of Worker's Compensation Program, which claim was accepted. (Id., Exh. C.) On June 24, 2005, Bayhealth filed a lawsuit in Justice of the Peace Court against Garbinski, alleging that Garbinski owes it $3,266 in unpaid medical expenses. Using a form complaint, Garbinski filed a Third-Party Complaint against MacLeish on February 29, 2008. On the form complaint, Garbinski checked the boxes indicating that he was asserting a "Debt" complaint and that MacLeish was a "Corporation or other Artificial entity." (Id., Exh. B.)

Pursuant to 28 U.S.C. § 1442(a)(1), MacLeish removed the state action to this Court on May 5, 2008. (See D.I. 1.) On May 13, 2008, MacLeish then moved for a more definite statement or, in the alternative, to dismiss for failure to state a claim. (D.I. 3.) Although the docket indicates that notification of the motion was sent to Garbinski's home address, no response to the motion was ever filed. On August 20, 2008, MacLeish filed a motion to dismiss Garbinski's third-party complaint based on Garbinski's failure to prosecute this action under Del. L.R. 41.1. (D.I. 5.) The docket reflects that notification of this motion was also sent to Garbinski's home address. In addition, the docket reflects that separate notification of the September 8, 2008 answering deadline was sent to Garbinski's home address. Nevertheless, Garbinski never filed any response to MacLeish's motion to dismiss for failure to prosecute.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with the Federal Rules or any order of court. . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The Third Circuit has set forth six factors to consider when evaluating dismissal for failure to prosecute: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh against the plaintiff to dismiss the action. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of Poulis factors are not satisfied. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1998). Moreover, when a litigant's conduct makes adjudication of the case impossible such balancing under Poulis is unnecessary. See Guyer v. Beard, 907 F.2d 1424,

1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).

### III. DISCUSSION

Applying the Poulis factors to the circumstance of this case, the Court concludes that Third-Party Plaintiff Garbinski's failure to prosecute his Third-Party Complaint could result in dismissal of the Complaint, particularly in light of his failure to respond to Macleish's motion for failure to prosecute. This case was removed to this Court in early May, and Garbinski has since failed to take any action with respect to his Third-Party Complaint against MacLeish. Plaintiff's dilatoriness has stalled this litigation and hampered MacLeish's ability to defend against Garbinski's Third-Party Complaint. Plaintiff has provided no correspondence to the Court explaining his failure to respond to either of MacLeish's motions or otherwise litigate this case. In these circumstances, the Court is left with no other conclusion than Garbinski has willfully failed to prosecute this action.

Del. L.R. 41.1 provides:

> Subject to the provisions of Fed. R. Civ. P. 23 and 23.1, in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice and opportunity to be heard, enter an order dismissing such case unless good reason for the inaction is given. After any such application or notice from the Court, no application for a continuance or any proceeding taken under the discovery rules shall be deemed to toll the operation of this Rule.

Consistent with this rule, the Court will provide Garbinski with

4

a final opportunity to explain his delay and avoid dismissal of his Third-Party Complaint.

 NOW THEREFORE, IT IS HEREBY ORDERED that Third-Party Plaintiff Garbinski shall show cause why his Third-Party Complaint against Third-Party Defendant Margie MacLeish should not be dismissed with prejudice by submitting a written explanation for his failure to respond to Defendant's pending Motion and a written explanation as to why he has not prosecuted the alleged claims no later than **October 24, 2008**. Failure to comply with this Order will result in the Court dismissing Third-Party Plaintiff Garbinski's Third-Party Complaint against Third-Party Defendant MacLeish.

<br>

 September 30, 2008  
   DATE

          *Joseph J. Farnan Jr.*  
          UNITED STATES DISTRICT JUDGE