IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN GARBINKSI, | : |
|    Third-Party Plaintiff, | : |
|       v. | : Civil Action No. 08-269-JJF |
| UNITED STATES DEPARTMENT OF LABOR, | : |
|    Third-Party Defendant. | : |

**MEMORANDUM ORDER**

For the reasons discussed, the Court will dismiss the above-captioned case for failure to prosecute.

**BACKGROUND**

Plaintiff Bayhealth Medical Center ("Bayhealth") filed a lawsuit in Justice of the Peace Court against Defendant and Third-Party Plaintiff, John Garbinski ("Garbinski"), alleging, *inter alia*, that Garbinski owes Bayhealth unpaid medical expenses. On or about February 29, 2008, Garbinski filed a Third-Party Complaint against Margie MacLeish ("MacLeish") asserting a "debt" claim against MacLeish. On May 5, 2008, Third-Party Defendant MacLeish removed this action from the Justice of the Peace Court of the State of Delaware in and for Kent County.

On May 13, 2008, MacLeish filed a Motion For More Definite Statement in this Court contending she is unable to reasonably respond to the Complaint without additional facts or basis for the asserted claim. On August 20, 2008, MacLeish filed a Motion to Dismiss For Lack Of Prosecution. Garbinski did not file an Answer to MacLeish's Motion To Dismiss For Lack Of Prosecution. The Court

ordered Garbinski to show cause why his Third-Party Complaint should not be dismissed for failure to prosecute. Garbinski filed a Response to the Court's Order on October 17, 2008 explaining that a change of address prevented him from receiving notices from the Court. Garbinski's Response further stated that "through further research," he was able to determine that the alleged failure to pay medical bills which formed the basis of his Third-Party Complaint against MacLeish was not the fault of Macleish, but the U.S. Department of Labor. As a result, Garbinski requested that the U.S. Department of Labor be substituted for Third-Party Defendant Macleish.

On November 10, 2008, the Court dismissed Garbinski's Third-Party claim against Third-Party Defendant Macleish and permitted Garbinski to amend his Complaint to add the U.S. Department of Labor as a Third-Party Defendant. The Court also denied as moot Third-Party Defendant Macleish's Motion For A More Definite Statement Or, In The Alternative, To Dismiss For Failure To State A Claim and Motion To Dismiss For Failure To Prosecute.

The Court further ordered Garbinski, by Order dated December 8, 2008, to file his Amended Complaint with the Court and serve the United States Department of Labor with the Amended Complaint by December 19, 2008.

The Clerk of Court mailed a copy of Fed. R. Civ. P. 4 to Garbinski on December 23, 2008, requesting an acknowledgment of receipt. Plaintiff did not respond to the Clerk of Court with an acknowledgment of receipt of Fed. R. Civ. P. 4. On February 19,

2009, the Court entered an Order requiring Garbinski to show cause why the Court should not dismiss this action for failure to prosecute. On February 27, 2009, Garbinski responded to the Court's Order to show cause, explaining that he was proceeding pro se and that he needed additional time to research appropriate filing requirements. Garbinski further explained that Bayhealth had moved for dismissal of its complaint against Garbinski, and that "[u]pon adjudication of that motion, the filing of an amended complaint with the court may be rendered moot."

On August 4, 2009, the Court entered an Order directing Garbinski to show cause why this action should not be dismissed for failure to prosecute. Garbinski has not filed a Response to the Court's August 4, 2009 Order, or otherwise taken any action to prosecute this case.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that a "Court may, on its motion..., after reasonable notice, enter an order dismissing such case unless good reason for the inaction is given."

The Third Circuit has enumerated several factors relevant to a district court's exercise of discretion when dismissing cases for failure to prosecute: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) willful conduct; (5) alternative sanctions; and (6) the meritoriousness of the claim." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). A court's dismissal of a case for failure to prosecute is reviewed for abuse of discretion.

United States v. USX Corp., 68 F.3d 811, 818 (3d Cir. 1995).

On the record before the Court, the Court concludes dismissal of this action is warranted. Third-Party Plaintiff Garbinski, has repeatedly delayed the action. Garbinski has been given numerous opportunities and ample time to file his contemplated Third-Party Complaint. This matter has been pending since May 2008 and Garbinski has responded to Court orders when he chooses. When he chooses not to respond, the case is delayed which the Court finds may be prejudicial to parties not yet served. For these reasons, the Court concludes that dismissal is appropriate.

NOW THEREFORE IT IS HEREBY ORDERED this _15_ day of September, 2009, that Third-Party Plaintiff's Amended Complaint against U.S. Department of Labor is **DISMISSED**.

_____
UNITED STATES DISTRICT JUDGE